# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ROBERT M. LINDER v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Morgan County**
**No. 09-CR-9514      Eugene E. Eblen, Judge**

---

**No. E2010-00462-CCA-R3-HC - Filed July 21, 2010**

---

The Petitioner, Robert Linder, appeals pro se the trial court's summary dismissal of his petition for habeas corpus relief from his conviction for especially aggravated sexual exploitation of a minor, a Class B felony. The State has filed a motion requesting that this court affirm the trial court's summary dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to state a cognizable claim for habeas corpus relief, and the Petitioner failed to comply with the procedural requirements of the habeas corpus statute. The State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Robert M. Linder, Appellant, pro se.

Robert E. Cooper, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of especially aggravated sexual exploitation of a minor following a bench trial in the Blount County Circuit Court. He was sentenced as a Range I, standard offender to twelve years in the Department of Correction. On appeal, this court modified his sentence to eleven years. State v. Robert Linder, No. E2004-02848-CCA-R3-CD, Blount County, slip op. (Tenn. Crim. App. Sept. 22, 2006), app. denied (Tenn. Jan. 29, 2007), app. denied (Tenn. Apr. 14, 2010). The Petitioner filed a pro se petition for writ of habeas corpus in which he alleged that the trial court unconstitutionally enhanced his

sentence in violation of Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 459 U.S. 270 (2007). The trial court summarily dismissed it because the procedural requirements for habeas corpus were not followed and because the petition failed to state a cognizable claim for habeas corpus relief.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). In addition, a petitioner is required to attach a copy of the judgment of conviction from which relief is sought or to provide a satisfactory reason for its absence. T.C.A. § 29-21-107(b)(2).

In Blakely, the Supreme Court held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. 542 U.S. at 301. In Cunningham, the Court extended Blakely to strike down a state's sentencing structure that permitted enhanced sentencing based on judicially found facts. 549 U.S. at 290. Initially, the Petitioner has failed to state a cognizable claim for habeas corpus relief because a Blakely violation would render the judgement voidable, not void. Additionally, this court has repeatedly held that Blakely and its progeny, including Cunningham, did not create a new rule of law entitled to retroactive application in the context of a collateral, habeas corpus proceeding. See e.g., Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, slip op. at 2 (Tenn. Crim. App., Jul. 2, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, slip op. at 11-12 (Tenn. Crim. App., Jackson, Mar. 27, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, slip op. at 8-9 (Tenn. Crim. App. Nov. 13, 2007), app. denied (Tenn. Apr. 7, 2008), cert. denied, 129 S. Ct. 899 (2009) (mem.). Finally, the Petitioner failed to attach the judgments of conviction to his petition and failed to provide any reason for their absence. See T.C.A. § 29-21-107(b)(2).

The State's motion is granted. The opinion provides no precedential value, the

proceeding occurred before the trial court without a jury, the action was not a determination of guilt, the evidence does not preponderate against the trial court's findings, and no error of law is apparent on the record. <u>See</u> Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE